NICOLO E. BANKS – State Bar No. 344705
nico@bankslawoffice.com
**BANKS LAW OFFICE, P.C.**
712 H St NE, Unit #8571
Washington, DC 20002
Telephone: 971-678-0036

Counsel for Petitioning Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>LARRY RICHARD LAW,<br><br>Alleged Debtor. | Case No. 8:24-bk-13017-TA<br><br>Chapter 7 Involuntary Proceeding<br><br>**STIPULATION TO CONTINUE STATUS CONFERENCE RE INVOLUNTARY PETITION**<br><br>Current Status Conference:<br><br>DATE: March 25, 2025<br>TIME: 10:30 a.m.<br>PLACE: Courtroom 5B<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

Main Document    Page 2 of 5

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE, AND PARTIES IN INTEREST:**

This *Stipulation to Continue Status Conference Re Involuntary Petition* ("Stipulation") is entered into by and between Justin Law, the son and trustee ("Law Trustee") for the estate of Larry Richard Law ("Alleged Debtor") and the following petitioning creditors: Marianne Mackley, Sunder Nambiar, Stephen Lim and Donald Davis (collectively, "Petitioning Creditors"), by and through their respective counsel, with respect to the following facts and circumstances:

## **RECITALS**

1. On November 22, 2024, the Petitioning Creditors filed an involuntary petition pursuant to 11 U.S.C. § 303, against the Alleged Debtor, commencing the above-entitled Chapter 7 involuntary bankruptcy case.

2. On or about January 28, 2025, the Alleged Debtor deceased. Justin Law is the son and trustee ("Law Trustee") for the estate of the Alleged Debtor. The Law Trustee respectfully submits as follows:

(a) The bankruptcy case may continue, notwithstanding the death of the Alleged Debtor, by operation of Federal Rule of Bankruptcy Procedure 1016, and that no formal substitution is required. "Rule 1016 permits a case to continue despite the death of the debtor without the formal substitution of another party for the debtor. *** Under Rule 1016, an appropriate representative of the debtor may act on behalf of the debtor without a formal substitution." In re Kosinski, 2015 WL 1177691, at *3 (Bankr.N.D.Ill. 2015). See also In re Fogel, 550 B.R. 532, 536 (D.Colo. 2015) (following Kosinski); In re Inyard, 532 B.R. 364, 367 (Bankr.D.Kan. 2015) ("Rule 1016 does not require that another party be substituted for the debtor").

(b) "Rule 1016 carries out this congressional intent that the chapter 7 debtor's probate estate should normally receive the benefit of the debtor's exemptions and discharge, and that nonexempt property should be administered in the bankruptcy case." 9

2

Collier on Bankruptcy ¶ 1016.02 (16th 2025).

(c) As the son and trustee for the estate of the Alleged Debtor, the Law Trustee submits he is the most appropriate person to represent the interests of the Alleged Debtor in this proceeding. See e.g., In re Shorter, 544 B.R. 654, 661-62 (Bankr.E.D.Ark. 2015) (determining that the person who may act on behalf of a deceased debtor is decided "on a case-by-case basis"); In re Fogel, 550 B.R. 532, 535–36 (D.Colo. 2015) (determining deceased debtor's spouse was "an appropriate representative of the debtor"). Courts have concluded that the appropriate person may include, but not limited to a probate administrator, executor, or personal representative, but holding that the determination is made on a case-by-case basis. In re Levy, 2014 WL 1323165, at *4 (Bankr.N.D.Ohio Mar. 31, 2014) ("Who can act must be determined case by case.")

3.  The Law Trustee is in contact with the Petitioning Creditors, and has agreed to certain informal requests to produce documents and other information to the Petitioning Creditors, which the parties anticipate will lead to the resolution and dismissal of the involuntary bankruptcy case.

4.  The Law Trustee is in the process of compiling information and documents necessary for the administration of the Alleged Debtor's probate estate, as well as the request of the Petition Creditors.

5.  An initial status conference was set for January 21, 2025, and thereafter continued to February 4, 2025, and then March 25, 2025, at 10:30 a.m.  A joint status report is due 14 days prior to the Status Conference.

6.  In order to provide additional time to produce documents and resolve any outstanding issues, the parties request that the status conference be further continued along with the corresponding deadline to file a joint status report.

**STIPULATION**

NOW, THEREFORE, based upon the foregoing Recitals, the Parties hereby agree and

1 | stipulate through their attorneys of record as follows:

2 |   A. The status conference, currently set for March 25, 2025, shall be continued for an

3 | additional 30 days, to a date and time convenient to the Court,

4 |   B. A joint statue report shall be filed at least 14 days prior to the continued status

5 | conference.

6 | DATED: February 25, 2025    **WINTHROP GOLUBOW HOLLANDER, LLP**

By: _____
  Garrick A. Hollander
Counsel for Justin Law, on behalf of Alleged Debtor

DATED: February 25, 2025    **BANKS LAW OFFICE, P.C.**

By: /s/ *Nicolo E. Banks*
  Nicolo E. Banks
Counsel for Petitioning Creditors

4

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 712 H St NE, Unit #8571, Washington, DC 20002

A true and correct copy of the foregoing document(s) entitled: **STIPULATION TO CONTINUE STATUS CONFERENCE RE INVOLUNTARY PETITION** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 25, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Nico Banks**    nico@bankslawoffice.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

**2. <u>SERVED BY UNITED STATES MAIL</u>:** On **February __, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. <u>SERVED BY EMAIL</u> (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February __, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 25, 2025 | Nicolo E. Banks | /s/ Nicolo E. Banks |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

5